**HARTFORD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**SWINGEN CONSTRUCTION COMPANY, INC. and Skjonsby Truck Line, Inc., Defendants.**

**Civ. No. A3–75–7.**

United States District Court,
D. North Dakota,
Southeastern Division.

Feb. 10, 1976.

James D. Cahill, Garrity, Cahill, Gunhus, Streed, Grinnell & Jeffries, Moorhead, Minn., for plaintiff; Harold A. Halgrimson, Fargo, N. D., of counsel.

James L. Lamb, Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, N. D., for Swingen Const.

Timothy Q. Davies, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for Skjonsby Truck Line.

## MEMORANDUM OF DECISION AND ORDER

BENSON, Chief Judge.

This is a Section 2201 declaratory judgment diversity action, wherein Plaintiff is seeking a declaration of rights and liability under a contract of insurance covering the statutory liability of a common carrier of property pursuant to Chapter 8–09, North Dakota Century Code. The justiciable controversy arises from a claim for loss of use of a crane that was damaged while being transported by a common carrier.

The Court finds the facts to be:

Skjonsby Truck Line, Inc., (Skjonsby) is an inland common carrier for hire operating as to interstate shipments pursuant to an Interstate Commerce Commission Certificate of Public Convenience and Necessity, and operating as to intrastate shipments pursuant to a State of North Dakota Public Service Commission Certificate.

On January 21, 1974, Skjonsby was transporting a crane owned by Swingen Construction Company, Inc. (Swingen), from Grand Forks, North Dakota, to a construction site on the North Dakota-South Dakota border. The crane was to be delivered to a point "south of Ludden"[1] to be used in the construction of a bridge across a river on the border between the states of North Dakota and South Dakota. The project was to be supervised by the State of South Dakota.

A North Dakota transportation permit was completed. Skjonsby's Interstate Commerce Commission Certificate authorized it to transport into South Dakota, but it would have had to obtain a South Dakota permit to do so. No permit to transport into South Dakota was acquired by Skjonsby, because it was believed the trip would be wholly in North Dakota. While enroute, the crane was damaged when a Burlington Northern Railway engine collided with the trailer on Skjonsby's rig. At the time of the collision, there was in effect an inland marine transit insurance policy with applicable endorsements between the Hartford Fire Insurance Company (Hartford) and Skjonsby. The insuring agreement provided Skjonsby with insurance ". . . as stated in the Coverage Endorsement(s) issued to form a part of this policy . . ." The basic endorsement insured Skjonsby for the legal liability it incurred as a motor carrier "for direct loss of or damage to shipment of lawful property . . . ." The cargo endorsement to the policy required by North Dakota on intrastate shipments in North Dakota provided that Hartford

"agrees to pay, within the limits of the policy, to any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee and coming into the possession of the insured in connection with its or his transportation services . . . for which loss or damage the insured may be held legally liable. . . ."

The policy also carried an endorsement required on interstate shipments under the provisions of Section 215, Interstate Commerce Act, which provided:

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay, within the limits of liability hereinafter provided, any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection with such transportation service for which loss or damage the insured may be held legally liable . . . ."

No bill of lading or shipping receipt was issued on the shipment, but all parties agree that it cost $38,998.45 to repair the crane, for which amount the Plaintiff admits liability. From the foregoing facts, the Court concludes that the shipment was an intrastate shipment, and that the applicable endorsement is the North Dakota cargo endorsement, the terms of which are free from ambiguity. Plaintiff Hartford's liability under the policy is limited to physical damage to the crane.

---

1. Ludden is a North Dakota community near the South Dakota border.

### Rationale

As a result of the accident, Hartford admits liability for the amount of the repairs necessary to restore the crane to its original condition. However, Swingen and Skjonsby allege Hartford is also liable for an amount accruing for "loss of use" of the crane during the time it was undergoing repairs. The crane was delivered to Skjonsby to be transported to a construction site south of Ludden, North Dakota. The construction site was partially in North Dakota and partially in South Dakota. Because no South Dakota permit was obtained, it is obvious the shipment was intended to be a North Dakota intrastate shipment, and the North Dakota cargo endorsement is applicable. The basic endorsement insured Skjonsby for liability for direct loss of or damage to shipments of lawful property. The coverage provided by the North Dakota endorsement insured Skjonsby for liability for all loss of or damage to all property coming into the possession of the insured in connection with its transportation services. Neither provision is ambiguous. Both relate and are limited to loss or damage to *property* being shipped, for which loss or damage the carrier may be legally liable.

The liability of Skjonsby is set out in NDCC § 8–09–01 (1975), which provides:

"Unless the consignor accompanies the freight and retains exclusive control thereof, an inland common carrier of property is liable from the time that he accepts until he relieves himself of liability . . . for the loss or injury thereof from any cause whatever. . . ."[2]

This section is an enactment of the common law and makes common carriers insurers of property entrusted to them for transportation. *Duncan v. Great Northern Railway Co.,* 17 N.D. 610, 118 N.W. 826 (1908). Under the common law, a carrier is liable, without proof of negligence, for all damage to the goods transported by it, unless the carrier affirmatively shows that the damage was caused by the shipper, acts of God, the public enemy, public authority, or the inherent vice or nature of the commodity. *Secretary of Agriculture v. United States,* 350 U.S. 162, 165 n.9, 76 S.Ct. 244, 100 L.Ed. 173 (1956). The measure of this absolute liability is found in NDCC § 32–03–16 (1960), which provides:

"The detriment caused by the breach of a carrier's obligation to deliver freight, when he has not converted it to his own use, is deemed to be the value thereof at the place and on the day at which it should have been delivered, deducting the freightage to which he would have been entitled if he had completed the delivery."

Skjonsby is legally liable as a common carrier for the value of the crane at the place and on the day at which it should have been delivered. The Hartford coverage does not extend beyond this common carrier liability and does not cover damages for loss of use of the crane as a result of the breach. The loss of use Swingen suffered is not loss *of* or damage *to* property. The North Dakota endorsement required coverage for damage to the shipper's property, not its business. The words "loss of . . . property" contemplate complete destruction of the property, not loss of use. The words "damage to property" contemplate partial destruction of the property.

IT IS ORDERED that judgment be entered declaring the liability of Plaintiff Hartford Fire Insurance Company under Policy No. 41 TM 312654 for damage to the crane of the Defendant, Swingen Construction Company, Inc., while being transported by Defendant, Skjonsby Truck Line, Inc., on January 21, 1974, is limited to the cost of the repair of the crane, which is found to be $38,998.45.

---

**2.** The statute lists four causes that relieve carriers from liability, none of which are applicable here.