**HARTFORD FIRE INSURANCE COMPANY, Appellee,**

v.

**SWINGEN CONSTRUCTION COMPANY, INC., and Skjonsby Truck Line, Inc., Appellants.**

**Nos. 76–1204 and 76–1306.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 5, 1976.

Decided Nov. 4, 1976.

John Michael Nilles, Fargo, N. D., for appellant, Skjonsby Truck Line, Inc.

James L. Lamb, Grand Forks, N. D., for appellant, Swingen Const. Co., Inc.

James D. Cahill, Moorhead, Minn., for appellee, Hartford Fire Ins. Co.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This case is a declaratory judgment action brought by Hartford Fire Insurance Company (Hartford) against its insured, Skjonsby Truck Line (Skjonsby) to determine the limits of Hartford's liability to Skjonsby under a cargo insurance policy. The claim on the policy resulted from an accident which damaged a crane being transported intrastate by Skjonsby for Swingen Construction Company (Swingen). The sole question presented to the trial court was whether or not Hartford must pay, under the terms of the policy and North Dakota law, the reasonable value of the loss of use of the machine while it was being repaired, in addition to the cost of repairs for which Hartford admitted liability.

The trial court, the Honorable Paul Benson, found that Hartford was liable only for the cost of repairs. Swingen and Skjonsby appealed alleging that loss of use damages were recoverable under the policy pursuant to Section 8–09–01 of the North Dakota Century Code. We disagree with this contention and affirm on the basis of Judge Benson's well-reasoned opinion. *Hartford Fire Insurance Co. v. Swingen Construction Co., Inc.*, 420 F.Supp. 500 (D.N.D., 1976).

In affirming on the basis of Judge Benson's opinion we do not pass judgment on the question of whether or not the damages to the crane should have been measured by a different standard, i. e., difference in before and after value, since that issue was not presented to Judge Benson.

The judgment is affirmed.