**Dale R. BURNS, Individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**Robert T. NIMMO, Administrator of Veterans Administration, Defendant.**

**No. C 79–4035.**

United States District Court, N. D. Iowa, W. D.

Jan. 26, 1982.

On Motion to Make Additional Findings March 22, 1982.

Terry Eriksmoen, Garrick Byers, Legal Services Corp. of Iowa, Sioux City, Iowa, for plaintiff.

Asher E. Schroeder, Sioux City, Iowa, Loretta Reid Pitt, U.S. Dept. of Justice, Civil Division, Dean E. Gallin, Washington, D.C., for defendant.

## ORDER

O'BRIEN, District Judge.

This matter comes before the Court upon the parties' cross-motions for summary judgment and oppositions thereto. Oral argument on these motions was held on December 14, 1981. After fully considering this matter and determining that no material issues of fact are in dispute and that the defendant is entitled to judgment as a matter of law, the Court enters the instant order for the reasons which follow.

Plaintiff is a veteran who sought an extension of the delimiting date for receipt of Veterans Administration educational benefits, pursuant to 38 U.S.C. § 1662(a)(1),[1] on the ground that his alcoholism rendered him incapable of initiating and completing his college education during the statutorily allowed period. The briefs and statements of counsel indicate that plaintiff was entitled to forty-five months of benefits and that he had used approximately twenty-three months of those benefits. The Veterans Administration rejected plaintiff's request for an extension of the delimiting date on the ground that the Veterans Administration "willful misconduct" regulations, 38 C.F.R. Part III, ¶¶ 3.1(n)[2] and 3.301,[3] encompass alcoholism as a primary condition and therefore preclude grant of delimiting date extension based solely on alcoholism without secondary physical or psychological effects. At the time of the rejection, plaintiff had approximately eighteen months left to complete his education. Counsel for the Veteran's Administration stated that if plaintiff had been granted benefits for this period of time, he would have been entitled to $551.00 per month, or a total of $9,918.00.

1. 38 U.S.C. § 1662(a)(1) states in pertinent part:

No educational assistance shall be afforded an eligible veteran under this chapter beyond the date 10 years after the veteran's last discharge or release from active duty after January 31, 1955; except that, in the case of any eligible veteran who was prevented from initiating or completing such veteran's chosen program of education within such time period because of a physical or mental disability which was not the result of such veteran's own willful misconduct, such veteran shall, upon application, be granted an extension of the applicable delimiting period for such length of time as the Administrator determines, from the evidence, that such veteran was prevented from initiating or completing such program of education.

2. Title 38, Code of Federal Regulations, § 3.1, ¶ (n) provides:

(n) "Willful misconduct" means an act involving conscious wrongdoing or known prohibited action (malum in se or malum prohibitum). A service department finding that injury, disease or death was not due to misconduct will be binding on the Veterans Administration unless it is patently inconsistent with the facts and the requirements of laws administered by the Veterans Administration.

(1) It involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences.

(2) Mere technical violation of police regulations or ordinances will not per se constitute willful misconduct.

(3) Willful misconduct will not be determinative unless it is the proximate cause of injury, disease or death. (*See* §§ 3.301, 3.302.)

3. 38 C.F.R. § 3.301, provides in pertinent part:

(c) *Specific applications.* For the purpose of determining entitlement to service-connected and non-service-connected benefits the definitions in § 3.1(m) and (n) apply except as modified within the following paragraphs. The provisions of paragraphs (c)(2) and (3) of this section are subject to the provisions of § 3.302 [service connection for mental unsoundness in suicide] where applicable.

. . . .

(2) *Alcoholism.* The simple drinking of alcoholic beverages is not of itself willful misconduct. The deliberate drinking of a known poisonous substance or under conditions which would raise a presumption to that effect will be considered willful misconduct. If, in the drinking of a beverage to enjoy its intoxicating effects, intoxication results proximately and immediately in disability or death, the disability or death will be considered the result of the person's willful misconduct. Organic diseases and disabilities which are a secondary result of the chronic use of alcohol as a beverage, whether out of compulsion or otherwise, will not be considered of willful misconduct origin.

Despite the denial of benefits, plaintiff did complete his education.

The issue before the Court is whether the Veterans Administration's willful conduct regulations are a violation of the Fifth Amendment to the United States Constitution as applied to 38 U.S.C. § 1662(a)(1).

■ The due process requirements of the Fifth Amendment are satisfied if the test of equal protection under the Fourteenth Amendment is satisfied. *Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971). That test is as follows: 1) If there is no fundamental right or suspect classification at issue, a challenged classification must be upheld if it has a rational basis; 2) If there is a fundamental right or suspect classification at issue, a challenged classification must be strictly scrutinized before it is upheld. In this case, there has been no allegation or showing that a fundamental right or suspect classification is at issue. Therefore, the proper test to be employed is the rational basis test; that is, the classification must be reasonable, nonarbitrary, and rationally related to some legitimate governmental interest.[4] The Court will now apply this test to the facts of the case at bar.

The legislative history of Section 203 of Public Law No. 95–202, the statutory exception to the basic ten-year delimiting date, makes clear Congress' intent with respect to Veterans Administration determinations of willful misconduct in cases such as this:

> In determining whether the disability sustained was a result of the veteran's own "willful misconduct," the Committee intends that the same standards be applied as are utilized in determining eligibility for other VA programs under title 38. In this connection, see 38 C.F.R., Part III, paragraphs 3.1(n) and 3.301, and VA Manual M21–1, Section 1404.

[S.Rept. 95–468, 95th Cong., 1st Sess. 69–70 (1977).]

At the time of the enactment of 38 U.S.C. § 1662 in 1977, there was, and even presently there is, much controversy as to the nature and cause of alcoholism. Plaintiff and defendant are in essential agreement on this point. Plaintiff believes, however, that Congress and the Veteran's Administration have not adequately explored the various theories concerning the nature and cause of alcoholism with respect to the statute herein challenged—38 U.S.C. § 1662(a)(1).

■ The Court finds this argument to be without merit. The legislative history previously cited[5] indicates that this issue has been before Congress. The cause and nature of alcoholism can hardly be considered a new debate. It is presumed that Congress was informed of the state of the knowledge in the field of alcoholism which existed at the time of the enactment of 38 U.S.C. § 1662. It is within the power of the legislature to enact legislation respecting debatable issues such as this.[6] It is not the province of the Court to strike down legislation merely because it may be unwise, improvident, or inconsistent with a particular side of the debate.[7]

■ Given the inconclusiveness of opinion in the field of alcoholism, Congress had a rational basis for deciding that the regulations already in effect as to the other VA programs should apply to 38 U.S.C. § 1662. Congress had a rational basis in protecting the following governmental interests: (1) insuring that the VA benefits program not be abused or misused by fraudulent claims and (2) insuring that a determination was made, prior to the grant of an extension, that a diagnosable disability or impairment existed during the veteran's period of educational assistance eligibility and was the

4.  *Kelley v. Johnson,* 425 U.S. 238, 247, 96 S.Ct. 1440, 1445, 47 L.Ed.2d 708 (1976); *Alcala v. Burns,* 545 F.2d 1101, 1104 (8th Cir. 1976).

5.  *See also* Brief in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed December 2, 1981, fn. 5.

6.  *Day-Brite Lighting, Inc. v. Missouri,* 342 U.S. 421, 425, 72 S.Ct. 405, 408, 96 L.Ed. 469 (1975).

7.  *Dandridge v. Williams,* 397 U.S. 471, 484–85, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1969).

cause of the veteran's inability to begin or complete his educational program. S.Rept. 95–468, 95th Cong., 1st Sess. 69–70 (1977), U.S.Code Cong. & Admin.News 1977, p. 3747.

The Court must state that it is sympathetic to plaintiff's position. As plaintiff points out, the holding of *Adams v. Weinberger*, 548 F.2d 239 (8th Cir. 1977) (alcoholism could constitute a disability entitling one to disability benefits under the Social Security Act), seems to be somewhat contradictory to the Veteran Administration's position in the case at bar. It has been determined, however, that a legislature is not required to choose between attacking every aspect of a particular problem or not attacking the problem at all.[8] With respect to alcoholism, it appears that Congress has chosen to attack the problem with various and different methods through its programs. This is its prerogative.

In short, although this Court may well have decided the issue in favor of the plaintiff, it must defer to the wisdom of the legislature if the classification has a rational basis. The Court finds that it has such a rational basis. Because the willful misconduct regulations meet the test of rationality, this Court may not sit as a super-legislature and substitute its judgment for that of Congress.[9]

For these reasons, plaintiff's challenge to the constitutionality of the Veterans Administration's willful misconduct regulations in the context of 38 U.S.C. § 1662(a)(1) must fail.[10]

**8.** *Alcala v. Burns*, 545 F.2d 1100, 1105 (8th Cir. 1976); *see Dandridge v. Williams*, 397 U.S. 471, 484–85, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1969).

**9.** The regulations at issue were promulgated pursuant to statutory authority granted in 38 U.S.C. § 210(c) which states in pertinent part: The Administrator has authority to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration and are consistent therewith . . . . 38 U.S.C. § 210(c)(1) (1976) Ed., Supp. III. On their face, the regulations at issue meet the test of consistency with VA benefits law.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is hereby denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment for defendant and against plaintiff in this case.

## ON MOTION TO MAKE ADDITIONAL FINDING

This matter comes before the Court upon plaintiff's Motion to Make Additional Finding and Amend or Alter Judgment and defendant's resistance thereto. The Court has thoroughly considered this matter and finds that, due to the length of plaintiff's briefs, oral hearing is unnecessary. The Court deems this matter submitted.

Plaintiff first requests the Court to delete that portion of the judgment which renders judgment against "all others similarly situated" to plaintiff Burns. Defendant joins in this request. The Court finds, for good cause shown, that this portion of the Judgment of January 26, 1982 should be deleted.

Plaintiff next contends that the Court erred in ruling on the cross-motions for summary judgment because, according to plaintiff, he did not move for summary judgment. The Court quotes from the introductory statements made by the Court and counsel at the December 14, 1981 hearing:

Additionally, the willful misconduct regulations satisfy the two-prong test of *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415–416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).
Furthermore, the regulations at issue were in effect well before the enactment of 38 U.S.C. § 1662(a)(1). Therefore, plaintiff's challenge is distinguishable from challenges to implementing regulations.

**10.** Due to the Court's determination, the Court finds it unnecessary to consider the affirmative defenses raised by defendant.

COURT: Now, this matter, has, by agreement, as I understand it, has been set for, really, trial today, but also, by stipulation. Apparently you've agreed that you would submit it on your stipulation plus a number of exhibits plus arguments. Is that accurate?

MS. PITT [Attorney for defendant]: Yes, Your Honor. I think, though, that it's being submitted on motions for ... or cross-motions for summary judgment as opposed to trial and that both parties agree that there really are no material issues of fact in dispute and that the issues are legal issues to be resolved by the Court.

COURT: Is that agreeable?

MR. BYERS [Attorney for plaintiff]: That ... that's accurate enough. I did include motions to introduce evidence in my brief because I wasn't sure whether the VA would contest certain of them. Since they seem not to be, fine. That's a good way to do it. And you can ignore the motions when you read the brief because they have said everything's OK.

COURT: What we're ending up then with is that both sides would hope to have a motion for summary judgment sustained in their behalf.

MS. PITT: That's correct Your Honor.

COURT: All right.

This discussion was an attempt by the Court to ascertain precisely what the attorneys felt they were presenting. Counsel for the plaintiff was not "mouse-trapped" into this posture.

▮ Mr. Byers, in his brief, requests the Court to "expunge" this statement made by him on the record. This, of course, would not be proper and would be unfair to the defendant. The record clearly shows that all parties, as well as the Court, considered this hearing to be cross-motions for summary judgment. The Court does not believe that it would be appropriate for the Court to reconsider the case under a new theory of submission almost two months after judgment and at the request of the losing party, in light of the statements made, on the record, by Mr. Byers. Further, the Court finds that separately designated "findings of fact" and "conclusions of law" were not necessary. Fed.R.Civ.P. 52(a). The facts and law were adequately and completely set out in the Court's Order of January 26, 1982.

Plaintiff next requests this Court to Amend its Order to state whether "the evidence was or was not contradicted or conclusive on the issue of whether or not alcoholism could be caused by willful misconduct." The Court declines to do so for two reasons. First, the issue before the Court was whether the Veteran Administration's regulations concerning misconduct are unconstitutional as applied to 38 U.S.C. § 1662(a)(1). The Court ruled on this legal issue employing what it believes to be the proper standard.

Second, as the Court indicated in its Order, it is irrelevant whether alcoholism could be caused by willful misconduct. Even if the Court were to flatly state that alcoholism as a primary condition is *not* to be considered as willful misconduct, it would not allow this Court to become a super-legislature and substitute its judgment for that of Congress. Defendants did not deny that there are various theories as to the nature of alcoholism. The issue is whether Congress could, under these facts, enact legislation respecting debatable issues such as this. The Court found that it could for the reasons stated in the Order. The Court does not find that an amendment or alteration of the Order is necessary or proper.

IT IS THEREFORE ORDERED that plaintiff's Motion to Make Additional Finding and Amend or Alter Judgment with respect to the deletion of the portion of the judgment which renders judgment against "all others similarly situated" to plaintiff Burns is hereby granted and the Clerk of Court is directed to delete the above-quoted language from the Judgment.

IT IS FURTHER ORDERED that plaintiff's Motion to Make Additional Finding and Amend or Alter Judgment is denied in all other respects.