**William Howard TINCH**

v.

**Harry N. WALTERS.**

**No. CIV. 3–83–286.**

United States District Court,
E.D. Tennessee, N.D.

Oct. 6, 1983.

Thomas H. Dickenson, Peggy Hooker, Knoxville, Tenn., for plaintiff.

John W. Gill, Jr., U.S. Atty., J. Michael Haynes, Jr., Asst. U.S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action challenging the final decision of the Veterans Administration [VA] denying plaintiff's application for extension of his delimiting date for educational benefits. Plaintiff seeks a declaratory judgment that 38 C.F.R. § 3.301(c)(2), governing the determination of whether alcoholism is the result of "willful misconduct," violates: the due process and equal protection guarantees of the fifth amendment of the Constitution; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–94; and the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 [Alcoholism Act], 42 U.S.C. §§ 4541–94. This case is now before the Court on cross motions for summary judgment.

■ The Court has jurisdiction over a constitutional challenge to veterans benefits regulations. *See Johnson v. Robinson,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Wayne State University v. Cleland,* 590 F.2d 627 (6th Cir.1978).

Plaintiff was honorably discharged from the armed forces on December 31, 1957. Plaintiff was entitled to educational assistance under 38 U.S.C. § 1661(a), however, his entitlement to benefits ended on June 1, 1976. This delimiting date could be extended if plaintiff was found to be prevented from completing his education because of a physical or mental impairment not the result of his own willful misconduct. 38 U.S.C. § 1662(a). Plaintiff sought an extension of his delimiting date claiming that from 1966 to 1974 his alcohol addiction prevented him from completing his education. The VA denied the requested extension.

Willful misconduct is defined as "an act involving conscious wrongdoing or known prohibited action (malum in se or malum prohibitum)." 38 C.F.R. § 3.1(n). Section 3.301(c)(2) provides:

*Alcoholism.* The simple drinking of alcoholic beverages is not of itself willful misconduct. The deliberate drinking of a known poisonous substance or under conditions which would raise a presumption to that effect will be considered willful misconduct. If, in the drinking of a beverage to enjoy its intoxicating effects, intoxication results proximately and immediately in disability or death, the disability or death will be considered the result of the person's willful misconduct. Organic diseases and disabilities which are a secondary result of the chronic use of alcohol as a beverage, whether out of compulsion or otherwise, will not be considered of willful misconduct origin.

■ The due process issue presented in this case is identical to the issue presented in *Burns v. Nimmo,* 545 F.Supp. 544 (N.D. Iowa 1982). The *Burns* Court found the regulations in question to be rationally related to legitimate governmental interests. Although the *Burns* decision is not binding upon this Court, its reasoning is sound. Accordingly, plaintiff's due process argument is without merit.

■ The *Burns* Court did not consider an equal protection argument. The Veterans Administration interprets § 3.301(c)(2) to require a distinction between "primary alcoholism" and the secondary effects of alcoholism such as damage to the brain or liver. It considers primary alcoholism to be the result of willful misconduct and, therefore, denies an extension of the time limiting educational assistance benefits to those who were disabled by this condition.

However, the Administration considers disabilities such as brain damage, which may result as a secondary effect of the same alcohol abuse, to be "innocently acquired." Veterans who have carried their alcohol abuse to the point of disabling organ damage, under this reasoning, *are* eligible for the benefits in question. Plaintiff contends that this, in effect, creates two classes of alcoholics and treats them differently.

Although the defendant offers this Court no explanation for this disparate treatment, a rational explanation for the Veterans Administration policy can be found. It seems clear that the Administration prefers to give its limited funds to those alcoholics who have a clear-cut, medically demonstrable disability such as liver damage, while avoiding the possibility of fraudulent claims from those alcoholic veterans whose claimed disabilities are less easily proved. Because the challenged policy is capable of a rational explanation, plaintiff's equal protection argument must fail.

■ Plaintiff's final contention is that the Veterans Administration policy violates the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794, and the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970, 42 U.S.C. § 4541.

Section 794 of the Rehabilitation Act provides:

> No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency ....

Rehabilitated alcoholics are "otherwise qualified handicapped individuals" within the meaning of this statute. *Simpson v. Reynolds Metals Co., Inc.*, 629 F.2d 1226, 1231, n. 8 (7th Cir.1980). If they are denied an extension of the date limiting the availability of educational assistance merely because their proven disability is alcoholism, they are being excluded from participation

in federal financial assistance solely because of their handicap. The Attorney General has interpreted § 794 to prohibit discrimination solely on the basis of the status of alcoholic. *See* 43 Op.Att'y Gen. (April 12, 1977).

The current Veterans Administration policy appears to directly contravene the intention of the Rehabilitation Act, denying an extension of the date limiting eligibility for education assistance to those rehabilitated alcoholics most deserving of federal aid. No substantial justification for this policy is apparent to this Court. *See Jennings v. Alexander*, 715 F.2d 1036, 1045 (6th Cir.1983). While the Court cannot find that the present Veterans Administration policies and regulations are unconstitutional, they are impaired by the application of the willful misconduct bar, and they are in violation of the Rehabilitation Act of 1973, as amended, specifically 29 U.S.C. § 794.

The Court notes that various Veterans Administration decisions and guidelines submitted by the defendant suggest an interpretation of 38 C.F.R. § 3.301(c)(2) that does not create an irrebuttable presumption that alcoholism is the product of willful misconduct, nor does it create a distinction between two classes of alcoholics. Under this interpretation, if a veteran knowingly poisons himself by drinking wood alcohol, or disables himself in an alcohol-related accident, exhibiting wanton and reckless disregard for the probable consequences of his drunkenness, his disability is the product of willful misconduct. Under these facts, he would be ineligible for an extension of benefits, whether or not he is an alcoholic. On the other hand, if a veteran is disabled by the more remote, insidious results of alcohol consumption, such as brain damage or *alcoholism itself,* his resulting disability would not be the product of willful misconduct. No willful misconduct bar would automatically preclude an extension of the time limiting educational assistance benefits.

Consequently, it is ORDERED that the defendant's motion for summary judgment be, and the same hereby is, denied. It is

further ORDERED that plaintiff's motion for summary judgment, on the issue of compliance with the Rehabilitation Act, be, and the same hereby is, granted. It is further ORDERED that this action be, and the same hereby is, remanded to the Veterans Administration for further proceedings not inconsistent with this opinion.