**James P. McKELVEY, Plaintiff,**

v.

**Harry N. WALTERS, Administrator of Veterans Affairs, et al., Defendants.**

**Civ. A. No. 83–2063.**

United States District Court, District of Columbia.

Oct. 19, 1984.

Keith A. Teel, Douglas E. Winter, Covington & Burling, Washington, D.C., for plaintiff.

Loretta Reid Pitt, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

The plaintiff, James P. McKelvey, a former alcoholic, challenges the Veterans Administration's ("V.A.") denial of his request

for an extension of the cut-off date for the use of his educational benefits as an honorably discharged veteran. McKelvey's request was denied because the V.A., relying upon a regulation prohibiting extensions on the basis of "willful misconduct," 38 C.F.R. § 3.301(c)(2), considered that his alcoholism was the result of his own willful misconduct.

The issue now presented for determination by the Court is whether the regulation is arbitrary, irrational and exceeds the agency's statutory authority by denying lawful benefits to veterans who suffer from alcoholism. The plaintiff's challenge arises under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and the due process and equal protection prongs of the Fifth Amendment. The plaintiff's challenge also calls for consideration of his claim that in denying his request for relief, his rights under the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination against alcoholics, were violated.

This matter comes before the Court on cross motions for summary judgment filed by the parties and the defendants' motion to dismiss. The Court determines that the V.A. regulation, 38 C.F.R. § 3.301(c)(2), discriminates against alcoholics in violation of the Rehabilitation Act. Summary judgment is therefore granted to the plaintiff on this claim.

## FACTUAL BACKGROUND

The facts in this case are essentially undisputed. In 1977, Mr. McKelvey applied for veterans' education benefits pursuant to 38 U.S.C. § 1661. As the result of his service in the United States Army, he was entitled to thirty-six months of benefits, *id.*, so long as he utilized them within ten years of his discharge from active duty. 38 U.S.C. § 1662(a)(1). He was honorably discharged from the Army on September 9, 1966. Thus, he was required to utilize his benefits prior to September 10, 1976, unless he "was prevented from initiating or completing [his] education ... because of a physical or mental disability which was not the result of [his] own willful misconduct." *Id.* In his 1977 application for such benefits, he sought an extension of the September 1976 deadline on the grounds that his alcoholism had prevented him from using the benefits earlier.[1]

On May 1, 1978, the regional office of the Veterans Administration denied Mr. McKelvey's request for an extension. That office informed him that an extension was unwarranted because his alcoholism constituted "willful misconduct." Under the governing law, any disease which follows from an individual's "willful misconduct" precludes an extension of the ten-year delimiting date. The regional office accepted McKelvey's admission that he was an alcoholic, but made no additional findings of fact. The plaintiff appealed this decision to the Board of Veterans Appeals ("Board"); and after a hearing, the appeal was denied on August 6, 1980.

The Board found that the plaintiff did not suffer from an underlying psychiatric problem which gave rise to his alcoholism, and that his alcoholism did not cause a separate disability which by itself would support an extension. In reaching this decision, the Chairman of the Board stated that 38 C.F.R. § 3.301(c)(2)[2] precluded con-

---

1. The Court is pleased to note that the plaintiff has apparently conquered his drinking problem. He reports that he has abstained from alcohol since 1975 and has been employed full time for a considerable period. During the past four years he has been employed as an alcoholism counselor by Montgomery County, Maryland.

2. Section 3.301(c)(2) provides:

    *Alcoholism.* The simple drinking of alcoholic beverage is not of itself willful misconduct. The deliberate drinking of a known poisonous substance or under conditions which would raise a presumption to that effect will be considered willful misconduct. If, in the drinking of a beverage to enjoy its intoxicating effects, intoxication results approximately and immediately in disability or death, the disability or death will be considered the result of the person's willful misconduct. Organic diseases and disabilities which are a secondary result of the chronic use of alcohol as a beverage, whether out of compulsion or otherwise, will not be considered of willful misconduct origin.

sideration of any evidence concerning the plaintiff's alcoholism other than:

evidence that the alcoholism may have been secondary to a psychiatric or organic condition of some kind ... or alternatively, [evidence] that there were other conditions either psychiatric or organic which in themselves would have precluded [him] from pursuing a course of education during the relevant period.

Memorandum of Law in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendants' Memorandum"), Ex. 6, Tab I at 15–16. In essence, the Board found that the plaintiff suffered from primary alcoholism, and concluded that his request for an extension must be denied. *Id.*, Tab H at 6.

On February 23, 1982, the Board affirmed its earlier decision on reconsideration, and on July 20, 1983, the plaintiff filed this complaint challenging the denial of his request for an extension.

## LEGAL ANALYSIS

### A.

### Jurisdiction

■ Initially, the Court must resolve the defendants' contention that 38 U.S.C. § 211(a)[3] bars judicial review of the Board's decision, and deprives this Court of jurisdiction over the statutory issues raised in the plaintiff's complaint. Here, the plaintiff does not seek review of any factual findings of the Veterans Administration; instead, he seeks a judicial determination that a regulation promulgated by the V.A. is contrary to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and exceeds the agency's statutory authority.[4] Thus, the

issue presented is a narrow one: whether section 211(a) deprives a federal court of jurisdiction over a purely legal challenge to a V.A. regulation which asserts that the regulation is contrary to other federal statutes.

Although the issue is narrowly circumscribed, it is by no means simple. In *Kirkhuff v. Nimmo,* 683 F.2d 544, 548 (D.C.Cir. 1982), the Court reversed the lower court's finding that a V.A. regulation was arbitrary and capricious. In deciding the case on the merits, the Court deftly avoided deciding what it termed the "difficult question" of "[t]he extent to which Veterans Administration decisions are exempt from [judicial] review." *Id.*[5] Thus, the Court avoided confronting the lower court's determination that section 211(a) did not bar jurisdiction over the plaintiff's statutory challenges. *Kirkhuff v. Cleland,* 516 F.Supp. 351, 360 (D.D.C.1981).

A number of other circuits have considered whether section 211(a) divests federal courts of jurisdiction over nonconstitutional challenges to V.A. regulations, and a majority have held this section does not prevent judicial review of challenges to the V.A.'s authority to promulgate regulations. *See, e.g., Evergreen State College v. Cleland,* 621 F.2d 1002, 1008 (9th Cir.1980); *University of Maryland v. Cleland,* 621 F.2d 98, 100–01 (4th Cir.1980); *Merged Area X (Education) v. Cleland,* 604 F.2d 1075, 1078 (8th Cir.1979); *Wayne State University v. Cleland,* 590 F.2d 627, 631 (6th Cir.1978). *Contra Anderson v. Veterans Administration,* 559 F.2d 935, 936 (5th Cir.1977). The seminal case upholding jurisdiction is *Wayne State,* where the Sixth Circuit explicitly found that it had the power to consider a claim that a V.A. regu-

---

**3.** Section 211(a) provides in relevant part that: the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans ... shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision....

**4.** Although the plaintiff also asserts equal protection and due process claims, the Court declines to decide these issues under the estab-

lished principle that unnecessary adjudication of constitutional issues should be avoided. *Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1933).

**5.** Despite its reluctance to consider the jurisdictional issue, the Court apparently accepted the availability of judicial review in the "constitutional arena." *Id.; see Ralpho v. Bell,* 569 F.2d 607, 620 (D.C.Cir.1977).

lation governing veterans' education benefits was promulgated without statutory authority. 590 F.2d at 629–31.

■ This Court adopts the reasoning of the *Wayne State* decision and its progeny, and finds that it has jurisdiction over the plaintiff's statutory challenges. The specific *Wayne State* holding that a court has jurisdiction to consider whether the V.A. has exceeded its statutory authority applies with equal force in this case. Moreover, the court's rationale for exercising jurisdiction over the Administrative Procedure Act claim provides even stronger support for jurisdiction over the Rehabilitation Act claim in this case. Under *Wayne State*, judicial review is permissible where it would neither "involve the courts in the *complex and technical niceties of V.A. policy*," 590 F.2d at 632 (emphasis added), nor "spawn suits requesting federal courts to second guess the Administrator on *the merits of particular claims for benefits* or the termination of such benefits." *Id.* at 631 (emphasis added).

Here, the plaintiff's challenge is not limited to a *particular* claim for benefits, but instead, raises the broader legal issue of whether a V.A. regulation of general application violates a federal statute. Moreover, the federal statute in question is completely independent of the complex statutory and regulatory scheme for dispersing veterans' benefits. This means that the Veterans Administration has no special expertise in measuring the validity of its regulations against the Rehabilitation Act. Accordingly, this Court will exercise jurisdiction over the statutory claims presented by the plaintiff, and turn to the merits of his contentions.

### B.

### Propriety of the Willful Misconduct Regulation Under the Administrative Procedure Act

■ Plaintiff's counsel argues that the willful misconduct regulation prohibits a finding that primary alcoholism is a disease, and preempts Congress' directive that extensions of delimiting dates shall be granted "in the case of any eligible veteran who was prevented from initiating or completing such veteran's chosen program of education ... because of a physical or mental disability which was not the result of such veteran's own willful misconduct." 38 U.S.C. § 1662(a)(1). Thus, the plaintiff contends that the regulation exceeds the V.A.'s statutory authority and is "arbitrary, capricious, ... or otherwise not in accordance with law" within the meaning of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(2)(A).

Despite the defendants' arguments to the contrary, the plaintiff correctly states that the language of the willful misconduct regulation and its application by the Board precludes a determination that primary alcoholism is a disease which permits an extension of the delimiting dates. Under the language of 38 C.F.R. § 3.301(c)(2), willful misconduct is conclusively presumed "[i]f in the drinking of a beverage to enjoy its intoxicating effects, intoxication results approximately and immediately in disability or death." Moreover, the Veterans Administration has also adopted an interpretation which is consistent with this analysis. As the chairman of the hearing conducted by the Board in July 1980 explained:

> As far as we are concerned at the Board [ ], we don't have discretion to say that primary alcoholism is a disease.... [W]e have no authority to do that, we're bound by those regulations.

Defendants' Memorandum, Ex. 6, Tab I at 16.

While section 3.301(c)(2) singles out alcoholism for disfavored treatment, it does not contravene any implicit or explicit congressional intent. Contrary to the plaintiff's contention, the statute does not mandate that a finding of "willful misconduct" must turn on an issue of fact. Rather, the statute is silent on the parameters of "willful misconduct," and the V.A. has promulgated regulations, including section 3.301(c)(2), which are intended to give meaning to the term.

In the absence of a more explicit congressional directive, this promulgation is clearly within the agency's

> ... authority to make all rules and regulations which are necessary or appropriate to carry out the law administered by the Veterans Administration and are consistent therewith....

38 U.S.C. § 210(c)(1). As this Circuit has noted, section 210(c)(1) gives the V.A. "the primary responsibility for interpreting and applying the various veterans' benefits statutes." *Kirkhuff v. Nimmo,* 683 F.2d at 549. The appropriate standard of review for the V.A.'s construction of a veterans' benefit statute is thus:

> whether the [agency's] construction was 'sufficiently reasonable' to be accepted by a reviewing court.... To satisfy this standard it is not necessary for a court to find that the agency's construction was the only reasonable one or even the reading the court would have reached if the question initially had arisen in a judicial proceeding.

*Id. (citing FEC v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 46, 102 S.Ct. 38, 49, 70 L.Ed.2d 23 (1981)).

Here, the V.A.'s construction of the statute would pass muster even under a less deferential standard of review. The legislative history of Pub.L. No. 95-202, 91 Stat. 1433, the statute which adopted the exception to the utilization of education benefits within ten years of military discharge, shows Congress' intent to incorporate the Veterans Administration's existing interpretation of "willful misconduct" into existing law. The report of the Veterans' Affairs Committee stated that in determining willful misconduct:

> the Committee intends that the same standards be applied as are utilized in determining eligibility for other VA programs under title 38. In this connection, see 38 C.F.R., part III, paragraphs 3.1(n) and 3.301....

S.Rep. No. 468, 95th Cong., 1st Sess. 69–70, *reprinted in* 1977 U.S.Code Cong. & Ad. News 3747, 3805–06. This passage indicates that Congress believed that the V.A.'s construction of willful misconduct was the proper one.

Even if the statement in the Senate report can be discounted as but a single, isolated instance of congressional acceptance of the V.A.'s interpretation, this Court must defer to the agency's construction of the statute because Congress has never overridden this interpretation. *Kirkhuff v. Nimmo,* 683 F.2d at 549. Here, deference is due because Congress has not repudiated the V.A.'s construction of the "willful misconduct" regulation, which was promulgated before the enactment of 38 U.S.C. § 1662. In fact, the Senate has affirmed the V.A.'s longstanding interpretation of willful misconduct, stating that "in light of the legislative history, the V.A. has had little choice but to deny such extensions involving alcohol and drug abuse or addiction disabilities." S.Rep. No. 314, 96th Cong., 1st Sess. 9, 25 (1979).

Moreover, Congress has subsequently rejected attempts to amend the statute to provide that primary alcoholism is not *per se* willful misconduct. Although the Senate Veterans' Affairs Committee proposed an amendment (S.870) to 38 U.S.C. § 1662(a)(1) which would have removed recovered alcoholics from the scope of a *per se* finding of willful misconduct, *see* S.Rep. No. 314, 96th Cong., 1st Sess. (1979), the Veterans' Affairs Committees of both houses reached a compromise on the bill which rejected this amendment. 126 Cong. Rec. 27,355 (joint explanatory statement of Veterans' Rehabilitation and Education Amendments of 1980) ("joint statement"), 27,578 (remarks of Sen. Cranston), 27,585 (joint statement) (1980). The compromise agreement was enacted on October 17, 1980 as Pub.L. 96–466, 94 Stat. 2171.

A similar scenario occurred in 1981, when Senator Cranston introduced an amendment (S. 458) which would have "put alcohol and drug disabilities on essentially the same footing as other disabilities with respect to delimiting and eligibility period restrictions." A bill containing this amendment was passed by the Senate on June 16, 1981, but a compromise between the two

Veterans' Affairs Committees once again eliminated the amendment. 127 Cong.Rec. H6814 (daily ed. Oct. 2, 1981).

## C.

### The Willful Misconduct Regulation Violates the Rehabilitation Act

**1.**

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, proscribes discrimination in federal programs and grants and provides that:

> No otherwise qualified handicapped individual in the United States, as defined in section 7(7) [29 U.S.C. § 706(7)], shall, solely by reason of his handicap, ... be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service....

In 1978, Congress amended Section 505(a)(2) of the Rehabilitation Act, by specifically providing that:

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d *et seq.*] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 504 of this Act [29 U.S.C. § 794].

29 U.S.C. § 794a(a)(2). Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, bars a wide variety of discrimination in programs receiving federal financial assistance.[6]

■ Although the majority of cases litigated under section 504 have alleged employment discrimination, *see, e.g., Consolidated Rail Corp. v. Darrone,* —— U.S. ——, 104 S.Ct. 1248, 1254 n. 13, 79 L.Ed.2d 568 (1984), the discrimination prohibited under section 504 is by no means confined to employment discrimination claims. *See, e.g., Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 3457, 3473 n. 22, 82 L.Ed.2d 746 (1984) (education discrimination).

**2.**

■ In this case, Mr. McKelvey asserts that he suffered discrimination on the basis of his handicap by virtue of a V.A. regulation which treats primary alcoholism differently than other disabilities for purposes of granting extensions of the ten-year delimiting period. As an alcoholic, he is an "otherwise qualified handicapped individual" within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(7)(B), and is protected from discrimination solely on the basis of this status. 43 Op.Atty.Gen. No. 12, at 2 (April 12, 1977).

Moreover, the willful misconduct regulation discriminates against McKelvey on the basis of his handicap: primary alcoholism. The Board's interpretation of the regulation precluded it from considering relevant evidence which was causally related to his handicap. For instance, the fact that he began drinking alcohol at age 13 and other information concerning his family's history of alcoholism were considered evidence of primary alcoholism, and could not legally rebut the presumption of willful misconduct. This interpretation means that a showing that an individual suffers from alcoholism as a primary disease, without an accompanying psychiatric disorder or secondary illness, could never overcome the presumption of willful misconduct.

On the other hand, other individuals who seek an extension of the ten-year delimiting date are not conclusively presumed to be guilty of willful misconduct. With respect to nonalcoholics, willful misconduct "involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences." 38 C.F.R. § 3.1(n)(1). These individuals,

---

**6.** The antidiscrimination provisions of Title VI provide that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

unlike alcoholics, are not required to prove the existence of a secondary disease in order to escape a finding of willful misconduct with respect to their primary condition. Thus, the conclusive presumption of willfulness is directed at alcoholics,[7] and constitutes discrimination on the basis of handicap.

■ Given that the V.A. regulation discriminates against Mr. McKelvey and other primary alcoholics, the Court next considers the government's justification for its overtly discriminatory policy. At a minimum, the government must assert a rational justification for any policy which discriminates on the basis of handicap. *See Jennings v. Alexander*, 715 F.2d 1036, 1044 (6th Cir.1983) (disparate impact analysis). Where a regulation facially discriminates against a class of individuals on the basis of their handicap, it is at least arguable that the government must satisfy a greater burden of proof—such as a substantial justification for its discriminatory policies. For instance, in *Shirey v. Devine*, 670 F.2d 1188, 1204 (D.C.Cir.1982), the Court held that section 501 of the Rehabilitation Act, 29 U.S.C. § 791, does not permit disparate treatment absent a "substantial governmental justification." Here, even if the government is only required to articulate a rational justification, the V.A.'s three asserted justifications for the "willful misconduct" regulation are grossly deficient. The sufficiency of these justifications may be resolved on motions for summary judgment. *See Shirey v. Devine*, 670 F.2d at 1191, 1203–04.

First, the government argues that the regulation represents the V.A.'s reasonable determination that alcoholism is a voluntary handicap. Second, the government argues that an irrebuttable presumption that alcoholism is a voluntary condition will reduce problems of proof. Third, the government contends that financial resources for veterans are limited, and administrative cost considerations justify differential treatment of alcoholics.

None of these reasons adequately supports discrimination against individuals who suffer from alcoholism as a primary disease. While the contention that alcoholism is a voluntary handicap is superficially plausible, it is factually incorrect because the regulation itself permits a finding of "involuntariness" if alcoholism is accompanied by an additional disability. Moreover, the arguments with respect to questions of proof and cost savings miss the mark entirely. A regulation which forbid *all* handicapped persons from receiving education benefits would even more clearly meet the objective of cost savings, but it cannot be seriously argued that such a practice would satisfy the requirements of the Rehabilitation Act.

In the absence of some justification for the V.A.'s discriminatory practices, the willful misconduct regulation, as applied to primary alcoholics, violates the Rehabilitation Act. The Court notes that this conclusion is fully supported by the recent well-reasoned decision in *Tinch v. Walters*, 573 F.Supp. 346, 348 (E.D.Tenn.1983), *appeal docketed*, No. 83–5926 (6th Cir. Dec. 12, 1983), where the Court also determined that the V.A.'s application of the willful misconduct regulation violated the Rehabilitation Act.

■ This Court's findings under the Rehabilitation Act make short shrift of the government's argument that sovereign immunity bars the plaintiff's claim for benefits. The relief available under section 505(a)(2) of the Act, 29 U.S.C. § 794a(a)(2), includes a claim for back pay, *Consolidated Rail Corp. v. Darrone*, 104 S.Ct. at 1252, and by analogy, also includes a claim for education benefits wrongfully withheld. Thus, the doctrine of sovereign immunity does not apply in this case because the government has consented to suit. *Frazier v. Merit Systems Protection Board*, 672 F.2d 150, 168 (D.C.Cir.1982).

## CONCLUSION

The plaintiff should prevail on his claim that the willful misconduct regulation, 38

---

7. A few other luckless individuals, such as drug addicts, are also covered by special provisions governing "willful misconduct." *See* 38 C.F.R. § 3.301(c)(3), 3.302.

C.F.R. § 3.301(c)(2), violates the Rehabilitation Act. The willful misconduct regulation, however, does not exceed the defendants' statutory authority under 38 U.S.C. § 210(c)(1), nor is it contrary to 38 U.S.C. § 1661 or 1662(a)(1). The Court reaches no conclusion with respect to the constitutional issues raised in the plaintiff's complaint.

In light of the above findings, this case is remanded to the Veterans Administration for consideration of whether the plaintiff's alcoholism constituted "willful misconduct" within the meaning of the statute. *Kirkhuff v. Cleland,* 516 F.Supp. at 369. Although the V.A. improperly denied McKelvey benefits on the basis of the willful misconduct regulation, the agency must still determine whether the plaintiff is entitled to benefits, notwithstanding the invalid regulation. Under 38 U.S.C. § 211(a), this determination is within the exclusive purview of the V.A., and is not subject to judicial review.

An appropriate Order accompanies this Memorandum Opinion.