William Howard TINCH,
Plaintiff-Appellee,
Cross-Appellant,

v.

Harry N. WALTERS, in his official capacity as Administrator of the Veterans Administration, Defendant-Appellant, Cross-Appellee.

Nos. 83–5926, 83–5955.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1984.

Decided June 24, 1985.

John W. Gill, Jr., U.S. Atty., Jimmie Baxter, J. Michael Haynes, Knoxville, Tenn., Anthony J. Steinmeyer, John S. Koppel (argued), U.S. Dept. of Justice, Washington, D.C., for defendant-appellant, cross-appellee.

Thomas H. Dickenson, Knoxville, Tenn., Peggy Hooker (argued), Pittsburgh, Pa., for plaintiff-appellee, cross-appellant.

Before KEITH and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

KEITH, Circuit Judge.

This is an appeal by Harry N. Walters, in his official capacity as the Administrator of the Veterans Administration, from a decision of the United States District Court for the Eastern District of Tennessee. The issue presented is whether a V.A. regula-

tion, 38 C.F.R. § 3.301(c)(2),[1] which equates primary alcoholism with "willful misconduct" was rendered ineffective by the 1978 amendment to Section 504 of the Rehabilitation Act of 1973 (the Rehabilitation Act). 29 U.S.C. § 794.[2] Primary alcoholism, unlike other forms of the disease, is not attributed to underlying psychological problems. The amended version of Section 504 prevents discrimination against handicapped people in programs receiving government aid. Plaintiff-appellee Tinch, who suffers from primary alcoholism, contends that because Section 504 prevents such discrimination, it precludes application of the regulation equating primary alcoholism with willful misconduct. As a veteran, Mr. Tinch was eligible for educational benefits. Benefits were to be available until the delimiting date defined by 38 U.S.C. § 1662(a)(1) as being ten years after Mr. Tinch's discharge or May 31, 1976, which ever is later in time. In attempting to prevent the application of 38 C.F.R. § 3.301(c)(2), Tinch seeks to take advantage of a provision in 38 U.S.C. § 1662(a)(1)[3] which extends the time during which educational benefits are available to veterans. The time extensions are not available to those who are handicapped as a result of their own willful misconduct. Tinch claims

that because the V.A. regulation equating primary alcoholism with willful misconduct was no longer valid after enactment of the 1978 amendment to the Rehabilitation Act, he is entitled to an extension of his delimiting date. The district court held in favor of Mr. Tinch. For the reasons stated below, we affirm the ruling of the district court.

## I.

## FACTS

Primary alcoholism does not result from an underlying psychological disorder. The V.A. considers primary alcoholism to be the result of "willful misconduct" barring an otherwise eligible veteran from receiving a delimiting date extension under 38 U.S.C. § 1662(a)(1). However, a primary alcoholic who acquires an organic disability as a result of his alcoholism is not barred by the willful misconduct provision, if the organic disability—rather than the primary alcoholism—prevents use of the educational benefits within the basic period prescribed by 38 U.S.C. § 1662(a)(1). Thus, only primary alcoholism is treated as "willful misconduct" within the meaning of V.A. statutes and regulations, and its victims presumptively

1. Section 3.301(c)(2), including the italicized portion which defines primary alcoholism, provides:

    **Alcoholism.** The simple drinking of alcoholic beverage is not of itself willful misconduct. *The deliberate drinking of a known poisonous substance or under conditions which would raise a presumption to that effect will be considered willful misconduct. If, in the drinking of a beverage to enjoy its intoxicating effects, intoxication results approximately and immediately in disability or death, the disability or death will be considered the result of the person's willful misconduct.* Organic diseases and disabilities which are a secondary result of the chronic use of alcohol as a beverage, whether out of compulsion or otherwise, will not be considered of willful misconduct origin.

2. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as amended in 1978, proscribes discrimination in federal programs and grants and provides that:

    No otherwise qualified handicapped individual in the United States, as defined in section

7(7) [29 U.S.C. § 706(7)], shall solely by reason of his handicap, ... be subjected to discrimination under any program or activity conducted by any Executive agency or by the United States Postal Service.

3. Section 1662(a)(1), as amended in 1977, provides in pertinent part:

    No educational assistance shall be afforded an eligible veteran under this chapter beyond the date 10 years after the veteran's last discharge or release from active duty after January 31, 1955; *except that, in the case of any eligible veteran who was prevented from initiating or completing such veteran's chosen program of education within such time period because of a physical or mental disability which was not the result of such veteran's own willful misconduct, such veteran shall, upon application, be granted an extension of the applicable delimiting period for such length of time as the Administrator determines, from the evidence, that such veteran was prevented from initiating or completing such program of education.* (emphasis added)

prevented from obtaining extensions of the delimiting date.

Plaintiff-appellee served on active duty in the armed forces from January 12, 1955 to December 31, 1957, when he was honorably discharged. Based upon this service, plaintiff was entitled to 45 months of educational assistance under 38 U.S.C. § 1661(a). Plaintiff applied for and received educational assistance to pursue a mechanical operation course from January 1975 through May 31, 1976. However, these benefits were terminated effective June 1, 1976, because plaintiff had reached his delimiting date pursuant to 38 U.S.C. § 1662(a)(1).

In 1977, Section 1662(a)(1) was amended to extend the delimiting date for those who had been prevented during their period of eligibility from completing their education due to some physical or mental disability which was not the result of their own "willful misconduct." Based upon this new provision, plaintiff filed a claim for extension on February 9, 1978, contending that he was prevented from engaging in an educational pursuit from 1966 to 1974 due to his alcohol addiction and its associated social, psychological, emotional and physical debilitations. On April 7, 1978, the V.A. denied this claim on the ground that plaintiff's alcoholism constituted "willful misconduct" as defined under 38 C.F.R. § 3.1(n): "an act involving conscious wrongdoing or known prohibited action."

Plaintiff subsequently filed a Notice of Disagreement and perfected a timely appeal to the Board of Veteran Appeals (Board). On March 7, 1979, the Board denied the appeal. The Board found that the incapacitating disability resulting from plaintiff's alcoholism was due to his own "willful misconduct," and that he had no innocently acquired disability from June 1966 to January 1975 of sufficient magnitude to prevent him from pursuing his education.

Plaintiff reopened his claim in 1981 with additional medical documentation. The regional office, finding that the evidence submitted was not new and material, denied the claim. The plaintiff then requested and received a hearing before the Board concerning the reopened claim. On December 13, 1982, the Board ruled that no new factual basis had been presented to warrant a change in its 1979 denial of appeal. It noted that the evidence supported the finding that the plaintiff's primary alcoholism prevented his utilization of educational benefits, but that this condition was due to plaintiff's willful misconduct. It also noted that his documented "innocently acquired" organic disabilities (e.g. impaired liver function) were not so severe as to interfere seriously with educational pursuits.

Having exhausted his administrative remedies, plaintiff filed the instant action, challenging the V.A.'s willful misconduct regulations on both constitutional and non-constitutional grounds. The district court rejected plaintiff's due process and equal protection claims. However, the court held that the V.A. policy of treating primary alcoholism as "willful misconduct" violates Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Accordingly, the court granted plaintiff's motion for summary judgment on this ground. The defendant appeals from this decision while plaintiff cross-appeals the district court's dismissal of his constitutional claims.[4]

## II.

## DISCUSSION

### A.

**The Rehabilitation Act As Amended in 1978 Invalidated the Willful Misconduct Standard As Applied by 38 C.F.R. § 3.301(c)(2).**

The Rehabilitation Act, as amended in 1978, protects "an otherwise qualified individual" from discrimination "solely by

---

**4.** Because the instant case can be disposed of on statutory grounds, we decline to devote any discussion or analysis to the plaintiff's constitutional claims. However, it should be noted that

the district court opinions, *Tinch v. Walters,* 573 F.Supp. 346 (E.D.Tenn.1983), and *Burns v. Nimmo,* 545 F.Supp. 544 (N.D.Iowa 1982), thoroughly discuss these issues.

reason of his handicap." 29 U.S.C. § 794. We find that, contrary to the mandate of the Rehabilitation Act, 38 C.F.R. § 3.301(c)(2) discriminates against an otherwise qualified individual, Mr. Tinch, solely by reason of his handicap, primary alcoholism.

The government contends that, in amending the Rehabilitation Act in 1978, Congress did not intend to invalidate the willful misconduct standard of the 1977 G.I. Bill Improvements Act, found in 38 U.S.C. § 1662(a)(1), as interpreted in 38 C.F.R. § 3.301(c)(2). The government cites the legislative histories of the post-1978 amendments to the G.I. Bill Improvements Act of 1977 and the Veterans'. Rehabilitation & Education Amendments of 1980 to demonstrate that Congress did not enact the 1978 amendments to the Rehabilitation Act with the intention of nullifying the willful misconduct standard of the 1977 G.I. Bill Improvements Act.

After the 1978 amendments to the Rehabilitation Act, veterans' legislation was introduced into the House of Representatives in 1979, H.R. 5288, 96th Cong., 1st Sess. (1979), and into the Senate in 1980, S. 870, 96th Cong., 2d Sess. (1980). The Senate bill contained an amendment to 38 U.S.C. § 1662, which stated that for the purpose of determining eligibility for an extension of the delimiting date because a disability had prevented a veteran from pursuing training, alcohol dependence or abuse from which the veteran had recovered would not be considered the result of willful misconduct. The final legislation did not contain such a provision. *See* Veterans' Rehabilitation and Education Amendments of 1980, 38 U.S.C. § 101. The V.A. contends that had Congress originally intended to invalidate the willful misconduct standard, it would not have attempted to do so through amendment in 1980. Thus, the V.A. construes these events to mean that Congress did not intend to include recovered alcoholics within the parameters of Section 504 of the Rehabilitation Act, as amended in 1978.

We reject the government's argument. The views of members of Congress as to the construction of a statute adopted by a previous Congress "have very little, if any, significance." *United States v. Clark*, 445 U.S. 23, 33 n. 9, 100 S.Ct. 895, 902 n. 9, 63 L.Ed.2d 171 (1980) (quoting *United States v. Southwestern Cable Co.*, 392 U.S. 157, 170, 88 S.Ct. 1994, 2001, 20 L.Ed.2d 1001 (1968) and *Rainwater v. United States*, 356 U.S. 590, 593, 78 S.Ct. 946, 949, 2 L.Ed.2d 996 (1958)); *see also American Federation of Government Employees v. Federal Labor Relations Authority*, 712 F.2d 640, 647 (D.C.Cir.1983) ("It is well settled that courts construing statutory language should give little weight to post-enactment statements by members of Congress."). Therefore, we should not read a later Congress' attempt to abolish the willful misconduct standard as "proof" that an earlier Congress had not already vitiated the willful misconduct standard, as applied by 38 C.F.R. § 3.301(c)(2), by enacting the 1978 amendments to the Rehabilitation Act.

The legislative history accompanying the 1979 and 1980 amendments to the G.I. Bill demonstrates that some members of Congress attempted unsuccessfully to abolish the willful misconduct standard. However, the legislative history does not reveal that Congress considered whether the 1978 amendments to the Rehabilitation Act had already abolished the willful misconduct standard. The Explanatory Statement issued by the Congressional committees that developed a compromise between the House and Senate versions of the 1980 Veterans' Rehabilitation and Education Amendments notes that only the Senate bill would have allowed the delimiting date to be extended for those suffering from alcohol abuse. After commenting that the Senate receded, the statement remarked that: "The Committees note, that in deleting [this provision] *they are taking no position as to whether such a provision is necessary in order to authorize the VA to toll the chapter 31 delimiting period in such cases.*" 1980 U.S.Code Cong. & Ad. News 4555, 4618 (emphasis added).

The government alternatively argues that even if the 1978 amendments to the Rehabilitation Act invalidated the willful misconduct standard, subsequent legislation (the 1980 Veterans' Rehabilitation and Education Amendments) reenacted the willful misconduct standard. We do not agree. By contending that the 1979 and 1980 amendments to the G.I. Bill reenacted the V.A.'s willful misconduct standard as it applies to alcoholism, the V.A. ignores a recognized rule of statutory construction: subsequent reenactment of an earlier law will not repeal an intermediate act that qualifies or limits the original law. Instead, the intermediate act remains in force and qualifies the new act as it did the initial law. *United States v. Wallace & Tiernan, Inc.*, 349 F.2d 222, 225 (D.C.Cir.1965); *United States v. Brown*, 36 F.R.D. 204 (D.D.C.1964); 1A Sutherland Statutory Construction § 23.29 (4th ed.). In the instant case, the 1978 Amendment to the Rehabilitation Act of 1973 is an intermediate act that limits both the G.I. Bill Improvement Acts of 1977, as originally enacted, and the subsequent 1979 and 1980 amendments by preventing both laws from discriminating against veterans on the basis of their disability.

**B.**

**The Regulation that Treats Primary Alcoholism Differently from Other Disabilities is Discriminatory.**

As noted above in Part A of this discussion, 38 C.F.R. § 3.301(c)(2) treats primary alcoholism differently from other disabilities for the purposes of granting extensions to the ten-year delimiting period and therefore discriminates against some veterans. We are of the view that Mr. Tinch, a recovered alcoholic, is an "otherwise qualified handicapped individual" within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(7)(B). *Tinch v. Walters*, 573 F.Supp. 346, 348 (E.D.Tenn.1983) (citing and quoting *Simpson v. Reynolds*

*Metals Co., Inc.*, 629 F.2d 1226, 1231 n. 8 (7th Cir.1980)). *See also Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 ("An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap. The regulations promulgated by ... HEW to interpret § 504 reinforce ... this conclusion.") Tinch is protected from discrimination solely on the basis of this status. 43 Op.Att'y.Gen. 2 (1977).

The willful misconduct regulation discriminates against Mr. Tinch on the basis of his handicap, primary alcoholism. By presuming that primary alcoholics are disabled solely due to their own willful misconduct, the Board's interpretation of the regulation precludes it from considering relevant evidence which is causally related to the handicap of primary alcoholism. Because primary alcoholism is presumed to result from lack of will, no finding of fact regarding the cause of the disease can legally rebut the presumption of willful misconduct. Due to this interpretation, a showing that an individual suffers from alcoholism as a primary disease, without an underlying psychiatric disorder or secondary illness, automatically presumes the alcoholic veteran has engaged in willful misconduct.

In contrast, non-alcoholic veterans seeking an extension of the ten-year delimiting date are not conclusively presumed to be guilty of willful misconduct. With respect to non-alcoholics, willful misconduct "involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences." 38 C.F.R. § 3.1(n)(1). Unlike those who suffer from primary alcoholism, veterans who suffer from other maladies including other forms of alcoholism, are not required to prove the existence of a secondary disease in order to escape a presumption of willful misconduct with respect to their primary condition. Thus, the conclusive presumption of willfulness is only directed at

primary alcoholics, and constitutes discrimination on the basis of their handicap. *See McKelvey v. Walters*, 596 F.Supp. 1317 (D.D.C.1984). We are persuaded by the sound reasoning of both Judge Barrington D. Parker in *McKelvey* and Judge Robert Taylor in the consideration of the instant case below that "the willful misconduct regulation, as applied to primary alcoholics, violates the Rehabilitation Act." *McKelvey*, 596 F.Supp. at 1324 (*citing Tinch v. Walters*, 573 F.Supp. 346, 348 (E.D.Tenn. 1983)).[5]

## CONCLUSION

In sum, no construction of the legislative history of relevant statutes, nor any governmental concerns supports the discriminatory impact of the V.A. regulation that equates primary alcoholism with willful misconduct. Accordingly, the decision of the Honorable Robert L. Taylor is hereby affirmed.

5. The district court rulings in the instant case and in *McKelvey* both mistakenly suggest that when the federal government has substantial justification, it may discriminate against the handicapped. *See Tinch*, 573 F.Supp. at 348; *McKelvey* 596 F.Supp. at 1324. The position in both cases is based on this Court's holding in *Jennings v. Alexander*, 715 F.2d 1036 (6th Cir. 1983), before it was reversed by the Supreme Court, *Alexander v. Choate*, —— U.S. ——, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985). In *Jennings* this Court determined that a Tennessee plan reducing Medicaid coverage had a disparate impact on handicapped recipients. However, the Supreme Court stated that the Tennessee plan was valid under a proper construction of Section 504. The Court stated that "[s]ection 504 seeks to assure evenhanded treatment and the opportunity for handicapped individuals to participate in and benefit from programs receiving federal assistance." *Choate*, 105 S.Ct. at 722 (*citing Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979)).

Even if *Jennings* were still in force, it would not be applicable here. *Jennings*, considered the potential justifications that would allow a state to institute a policy contrary to the Rehabilitation Act; in the instant case we are considering a federal regulation in light of a federal law. By enacting the 1978 amendments to the Rehabilitation Act, Congress impliedly invalidated the regulation and thus determined there is no justification for discrimination by the V.A. against primary alcoholics.